UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| MICHAEL SHANE JOHNSON, | ) | C/A No.: 4:14-cv-03806-JMC-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| ROBERT STEVENSON, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Michael Shane Johnson (Petitioner) filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on September 29, 2014. (Doc. #1). Petitioner is represented by counsel. Respondent filed a motion for summary judgment on March 2, 2015, along with a return and memorandum. (Docs. #16 and #17). Petitioner filed a response on April 20, 2015. (Doc. #23).

## PROCEDURAL HISTORY

Petitioner responded to the motion for summary judgment asserting that the

_____

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

procedural history and habeas allegations set forth in the Return "are substantially correct" with some errors. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent with the addition of the errors Petitioner discussed.

Petitioner is currently incarcerated in the Broad River Correctional Institution pursuant to an order of commitment from the Clerk of Court for Spartanburg County. Petitioner was indicted at the November 2007 and February 2008 term of the Spartanburg County Grand Jury for three counts of burglary in the first degree (07-GS-42-5688, -5689, & -5690), three counts of grand larceny more than $5000 (07-GS-42-5692, -5693, 08-GS-42-1309), burglary in the second degree, non-violent (08GS-42-1309), grand larceny, $1000-$5000 (07-GS-42-5691), and receiving stolen goods, less than $1,000-3rd or subsequent property offense (07-GS-42-5709). Petitioner was represented by Kenneth E. Sowell, Esquire.

On February 27, 2008, Petitioner pleaded guilty to all charges before the Honorable Wyatt T. Saunders. Judge Saunders sentenced Petitioner to fifteen (15) years imprisonment on indictment 07-5688, with consecutive terms of fifteen years on indictment 07-5689 and five years on indictment 07-5691, as well as two concurrent terms of fifteen years (07-5690, 08-1309), and four concurrent terms of ten years (07-5692, 07-5693, 07-5709, 08-1308), for an aggregate total sentence of thirty-

five years imprisonment.

Petitioner's attorney filed a motion for reconsideration of the sentence and, following a hearing on April 16, 2008, Judge Saunders modified the sentence on indictment 07-5691 to a concurrent term of five years.

## DIRECT APPEAL

Petitioner appealed his guilty plea convictions and sentences to the South Carolina Supreme Court. Petitioner was represented in the appeal by Wanda H. Carter, Esquire, Deputy Chief Appellate Defender. On July 1, 2009, Ms. Carter filed a final Anders Brief of Appellant on Petitioner's behalf and petitioned to be relieved as counsel. The final Anders Brief presented the following issue:

> The trial judge abused his discretion in allowing excessive consideration of the victims' objections to sentencing leniency to influence the sentence given to appellant in the case.

(Tr. 46). On February 11, 2010, the South Carolina Court of Appeals filed an opinion dismissing the appeal and granting counsel's petition to be relieved. State v. Michael Shane Johnson, 2010 UP-126 (S.C. Ct. App., Feb. 11, 2010). (Tr. 41-42). The Remittitur was subsequently issued on March 1, 2010.

## PCR

Petitioner, through counsel, filed an application for post-conviction relief (PCR) on February 2, 2011. Petitioner raised the following grounds for relief in the

application:

    1. Ineffective assistance of counsel, in that:

        a.     Counsel failed to aid in Applicant's cooperation with the government,

        b.     Counsel failed to adequately explore plea negotiations,

        c.     Counsel failed to communicate with client,

        d.     Counsel failed to disclose a conflict of interest between defense counsel and the Judge,

        e.     Counsel failed to request and file a notice requesting the Judge to recuse  himself: and

    2. Denial of right to fair/impartial judiciary and a neutral/detached judge, in that:

        a.     Judge failed to recuse himself due to a conflict with defense counsel.

    3.     Other such issues that may be determined through the discovery process.

(Tr. 29-35).

The State filed its Return on or about December 7, 2011. (Tr. 36-40).

The Honorable Frank R. Addy, Jr., held an evidentiary hearing into the matter on January 31, 2012, at the Spartanburg County Courthouse. Petitioner was present at the hearing and represented by Beattie B. Ashmore, Esquire. Petitioner submitted a memorandum of law at the PCR hearing. (Tr. 172-178). Assistant Attorney General Suzanne H. White represented the State. Petitioner testified on his own behalf, and he presented the testimony of his mother, Ms. Pinckie Dardar, and trial counsel, Mr. Sowell.  (Tr. 90-169).

4

Judge Addy denied relief and dismissed the Application with prejudice in an Order of Dismissal filed on May 2, 2012. The order addressed Petitioner's claims that (1) counsel failed to aid in Petitioner's attempts to cooperate with the Government; (2) counsel failed to adequately explore plea negotiations; (3) Counsel failed to communicate with him the fact that Petitioner was on probation when he committed his other crimes would affect his sentence; (4) counsel failed to disclose a conflict of interest with the plea judge; (5) counsel did not allow Petitioner to speak at sentencing; (6) counsel failed to file a motion to recuse Judge Saunders; and (7) Petitioner was denied the right to a fair and impartial judge because Judge Saunders should have recused himself. (Tr. 1-11).

Petitioner filed a Motion to Alter/Amend or Reconsider the judgment. The State filed a Return to Applicant's Motion to Reconsider, dated May 25, 2012 (Tr. 19-22) and opposed the motion. Petitioner filed a Reply to the State's Return. (Tr. 23-28). Judge Addy filed an order denying Petitioner's motion on June 5, 2012. (Tr. 12).

Petitioner timely served and filed a notice of appeal. Petitioner was again represented by Beattie Ashmore. On October 26, 2012, Petitioner, through counsel, filed a petition for writ of certiorari raising the following issues:

I.      Was the petitioner denied the Constitutional right of allocution at sentencing?

II.     Did the petitioner voluntarily, knowingly, and intelligently

waive  a conflict of interest between his attorney and the sentencing judge?

III.    Was counsel ineffective for failing to aid in the petitioner's cooperation  with the State, thereby prejudicing the petitioner?

IV.    Was counsel ineffective for failing to adequately explore plea negotiations, thereby prejudicing the petitioner?

(Petition for Writ of Certiorari).

The State filed a return to Petition for Writ of Certiorari on January 28, 2013. The Petitioner filed a reply brief to the State's return to the Petition for Writ of Certiorari.

In an order filed July 3, 2014, the South Carolina Court of Appeals denied the petition.  The court issued a remittitur to the Spartanburg County Clerk of Court on July 21, 2014.

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim:

GROUND ONE:          The petitioner was denied his Constitutional right of allocution at sentencing.

Supporting facts:        The petitioner was prepared to allocute at his sentencing hearing, addressing the court and the victims. The petitioner had a written statement prepared for this purpose. Nevertheless, he was never given the opportunity to allocute, and defense counsel did not object. There is nothing in the record establishing the petitioner's voluntary,

6

knowing and intelligent waiver of his right to allocute. The Judge never asked the petitioner if he wanted to address the court.

GROUND TWO:        The petitioner was denied effective assistance of counsel, guaranteed by the 6th and 14th Amend., because defense counsel did not object to the denial of allocution, thereby prejudicing petitioner.

Supporting facts:     The petitioner was prepared to allocute at his sentencing hearing, addressing the court and the victims. The petitioner had a written statement prepared for this purpose. Nevertheless, he was never given the opportunity to allocute, and defense counsel did not object. There is nothing in the record establishing the petitioner's voluntary, knowing, and intelligent waiver of his right to allocute. The Judge never asked the petitioner if he wanted to address the court and his attorney made no objection to this fatal defect.

GROUND THREE:     The petitioner did not knowingly, intelligently, and voluntarily waive his Constitutional right of allocution.

Supporting Facts:     The petitioner was prepared to allocute at his sentencing hearing, addressing the court and the victims. The petitioner had a written statement prepared for this purpose. Nevertheless, he was never given the opportunity to allocute, and defense counsel did not object. There is nothing in the record establishing the petitioner's voluntary, knowing and intelligent waiver of his right to allocute. The Judge never asked the petitioner if he wished to address the court.

7

GROUND FOUR:　　　　　The petitioner was denied due process of law, as guaranteed by the Fourteenth Amendment, because his plea and sentencing judge was not impartial.

Supporting Facts:　　　　Prior to petitioner's plea and sentencing hearing, Judge Saunders held defense counsel in criminal contempt of court. Defense counsel represented a defendant in a drug case before Judge Saunders. Defense counsel gave a used car salesman, working as a private investigator, Grand Jury information. Judge Saunders found defense counsel in criminal contempt and sentenced him to 90 days imprisonment, suspended upon payment of a $5,000 fine. Defense counsel filed a Motion to Reconsider, and Judge Saunders amended defense counsel's sentence to 90 days imprisonment, suspended upon payment of a $2,500 fine. This sentence was affirmed by the South Carolina Court of Appeals but reversed by South Carolina Supreme Court.

GROUND FIVE:　　　　　Petitioner did not knowingly, intelligently, and voluntarily waive his constitutional right to have an impartial plea and sentencing judge.

Supporting Facts:　　　　The petitioner signed the back of a manila folder, on which the following was written: "I agree to plead before Judge Saunders, understanding his contempt ruling against my attorney." This is not a knowingly, intelligent, and voluntary waiver of a constitutional right. There was nothing on the record regarding the petitioner's alleged waiver.

8

GROUND SIX:                Petitioner was denied effective assistance of counsel, guaranteed by the Sixth and Fourteenth Amendments, because defense counsel failed to aid in the petitioner's cooperation with the State, thereby prejudicing the petitioner.

Supporting Facts:          The government promised the petitioner that if he cooperated, the investigating officer would speak at the petitioner's sentencing hearing about his cooperation. The petitioner fully cooperated by pointing out houses that he broke into, giving a statement, and helping recover property. The petitioner cooperated with law enforcement without an attorney for a number of days prior to his actual arrest. However, when the officer was asked if he had anything to say at the sentencing hearing, he declined. Defense counsel did not object to the officer's silence, nor did he put the agreement on the record. Moreover, defense counsel failed to aid in the petitioner's cooperation with the government to secure restitution payments. The victims in the petitioner's case were very vocal about restitution, yet defense counsel did not make an attempt to have the petitioner pay restitution.

GROUND SEVEN:              Petitioner was denied effective assistance of counsel, guaranteed by the Sixth and Fourteenth Amendments, because defense counsel failed to adequately explore plea negotiations, thereby prejudicing the petitioner.

Supporting Facts:          The State offered the petitioner a 15-year sentence if he were to plead guilty. The

9

petitioner's mother, Pinckie Dardar, contacted defense counsel and met with him at a Waffle House to discuss petitioner's case. Defense counsel told Ms. Dardar the 15 years imprisonment was too much time, and that the petitioner did not do anything that was considered violent. However, the petitioner's burglary charges are considered violent and 15 years is the statutory minimum sentence for first degree burglary. Defense counsel acknowledged that the petitioner told him that the petitioner had received the 15-year offer at Post-Conviction Relief hearing, however, the post conviction relief court erroneously held that defense counsel was never aware of the offer. The petitioner was ultimately sentenced to 30 years of imprisonment. His co-defendant received only 15 years imprisonment suspended upon service of 18 months imprisonment and five years probation.

(Habeas Petition).

## STANDARD FOR SUMMARY JUDGMENT

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action

10

upon which the non-moving party has the burden of proof. <u>Celotex</u>, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); <u>Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. <u>Shealy v. Winston</u>, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. <u>Barber v. Hosp. Corp. of Am.</u>, 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." <u>Mitchell v. Data General Corp.</u>, 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. <u>See</u> <u>Celotex</u>, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).

Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams

v. Taylor, 529 U.S. 362, 413 (2000)).  However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id.  "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).  Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## ANALYSIS

### Grounds One and Three

The issues raised in Grounds One and Three of the habeas petition will be discussed together. In Ground One, Petitioner argues that he was denied his Constitutional right of allocution at his sentencing hearing.  In Ground Three, he argues that "Petitioner did not knowingly, intelligently, and voluntarily waive his Constitutional right of allocution." (Petition).

It is first noted that a direct appeal was filed by way of an Anders brief and these issues were not specifically raised or addressed on direct appeal. Therefore,

these issues as framed in Petitioner's federal habeas petition were not exhausted. However, Respondent does not argue that these issues are procedurally barred but recognizes that the PCR court addressed them as ineffective assistance of counsel claims.

It is less clear how Petitioner raised these issues at PCR and in his petition for writ of certiorari.[2] Nevertheless, it is clear that the PCR court addressed them as an ineffective assistance of counsel claims. Petitioner filed a Rule 59e motion which the court denied stating that the order of dismissal contained "the required findings of facts and conclusion of law as required by S.C. Code Ann. 17-27-80 (1976). . ." (Tr. 12). This court reviews the state court rulings to determine if it made a ruling "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. Thus, the undersigned will review the PCR court's decision denying the claims regarding

_____

[2] As set forth below, the PCR court addressed these issues as claims of ineffective assistance of counsel rather than free standing claims of constitutional errors. It appears that they were raised in the writ of certiorari as free standing claims. Therefore, the issues presented as ineffective assistance of counsel claims may not have been completely exhausted. However, Respondent does not challenge these claims as procedurally barred.

allocation as ineffective assistance of counsel claims.[3] Based under the analysis and

reasons of Ground Two below, it is recommended that Grounds One and Three be

denied.

## Grounds Four and Five

---

[3] To the extent Petitioner is attempting to raise this issue as a free standing constitutional/due process claim, it was not presented on direct appeal to the state courts. In its order addressing the Rule 59e motion, the PCR court found it had addressed the conclusions of law required by S.C. Code Ann. §17-27-80 (1976), and Rule 52(a) SCRCP. Even if it is found Petitioner exhausted these grounds, they fail. Petitioner fails to cite to any authority that the right to allocution in a non-capital criminal matter is a right guaranteed by the constitution of South Carolina or the United States.   The cases on which Petitioner relies are federal criminal cases. The Federal Rules of Criminal Procedure require the judge to address the defendant and give him the opportunity to speak. See Fed. R. Crim. P. Rule 32(i)(4)(A)(ii). However, Petitioner has not cited to any state statute that requires the judge to address the defendant and give him an opportunity to speak in a non-capital case.  In State v. Stokes, 548 S.E.2d 202, fn. 11 (May 29, 2001) *citing* State v. Phillips, 215 S.C. 314, 54 S.E.2d 901 (1949), the court stated that the "statutory right of closing argument and the right of allocution are distinguishable.  Technically, 'allocution' refers to the common law practice of the court 'formally inquir[ing] of the defendant whether he had anything to say why sentence and judgment should not be pronounced" after the fact finder determines guilt but before the judge pronounces sentence. . ." The United States Supreme Court has not decided whether a defendant who affirmatively requests to speak at sentencing has the right to do so under the U.S. Constitution. See McGautha v. California, 402 U.S. 183, 219 n.22 (1971), *vacated on other grounds sub nom.* Crampton v. Ohio, 408 U.S. 941 (1972); Hill v. United States, 368 U.S. 424 (1962); see also United States v. Barnette, 211 F.3d 803 (4th Cir. 2000); Green v. French, 143 F.3d 865 (4th Cir. 1998).

There appears to be a split of authority on whether the federal constitution grants a defendant this right. *Compare, e.g.,* Boardman v. Estelle, 957 F.2d 1523 (9th Cir. 1992) (recognizing a due process right to allocution at sentencing), and Ashe v. North Carolina, 586 F.2d 334, 336 (4th Cir. 1978) ("[W]hen a defendant effectively communicates his desire to the trial judge to speak prior to the imposition of sentence, it is a denial of due process not to grant the defendant's request."), with United States v. Li, 115 F.3d 125, 132 (2d Cir. 1997) (the right to allocution "is a matter of criminal procedure and not a constitutional right"), and United States v. Fleming, 849 F.2d 568, 569 (11th Cir. 1988) ("[T]he right to allocution is *not* constitutional." (Emphasis in original)). While there may be a right recognized in this circuit, it applies when a defendant affirmatively request allocution and the request is denied. Such circumstances are not present in this case.

In Ground Four, Petitioner asserts that he was denied due process of law, as guaranteed by the Fourteenth Amendment because "his plea and sentencing judge was not impartial." (Petition). In Ground Five, Petitioner asserts that he "did not knowingly, intelligently, and voluntarily waive his constitutional right to have an impartial plea and sentencing judge." (Id.).

Again, this issue was not raised on direct appeal. It was couched as a due process claim at PCR but appears to be addressed by the PCR court as one of ineffective assistance of counsel. Respondent does not argue that it is procedurally defaulted but finds that the PCR court correctly addressed it as an ineffective assistance of counsel claim.[4] This court reviews the state court rulings to determine if it made a ruling "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. Thus, the undersigned will review the PCR court's decision in addressing and denying the claims under ineffective assistance of counsel.

This issue was raised in the PCR application and treated as an issue of

---

[4] If Petitioner is attempting to raise this issue as a free standing claim, it is barred from federal habeas review. Any due process argument on this issue was not presented to the state courts and would be procedurally defaulted as a free standing constitutional claim.

16

ineffective assistance of counsel in failing to disclose a conflict of interest with the

presiding judge by the PCR judge. The PCR court held as follows:

>Applicant acknowledged signing on the back of a manila folder on February 22, 2008, that he understood his right to appeal his case and understood that he was pleading guilty before Judge Saunders even though Saunders had previously found his Counsel guilty of contempt. . . . Applicant testified that he pled guilty on February 27, 2008. However, Applicant testified that he could only remember discussing his appeal rights with Counsel, not the issue of the contempt charge. Applicant testified that he only had a tenth grade education and had suffered from trouble with cocaine.

>Applicant's mother testified that Counsel told her that he recommended that they plead before Judge Saunders because Counsel had a personal relationship with Judge Saunders. However, she testified that she did not find out about the contempt charge against Counsel by Judge Saunders until after the sentencing. Ms. Dardar testified that her son never informed her that Counsel had told him about the fact that Judge Saunders had previously found him in contempt.

>Counsel testified that he did discuss the fact that Judge Saunders had previously found him in contempt during a State Grand Jury case, but that he still considered Judge Saunders a friend. Counsel testified that he did not recall if he discussed that fact with the Applicant's mother, but he did recall specifically discussing it with the Applicant and explaining that since that contempt charge he had been before Judge Saunders several times, and he had no problems. Additionally, Counsel testified that he had appealed the decision and the contempt charge was ultimately reversed by the South Carolina Supreme Court in August 2006, well before Applicant's plea. Counsel testified that the Applicant was very intelligent and seemed to understand the concept of contempt.

>This Court finds the testimony of Counsel to be more credible than the Applicant's testimony as to this matter. The agreed upon facts are that the Applicant signed a waiver which indicated that he was told about Counsel's prior experience with Judge Saunders as it related to the

contempt charge. This Court finds that Counsel explained his prior interactions with Judge Saunders to Applicant and offered his belief that Judge Saunders was a fair and impartial judge, who would consider all the information in Applicants' case. The Applicant chose to proceed with the plea before Judge Saunders, knowing all of the information, freely and voluntarily. This Court finds that the Applicant failed to meet his burden of proof as to this claim. Therefore, it is denied and dismissed.

(Tr. 7-8).

Petitioner pleaded guilty with the full understanding of the charges and the consequences of the plea. A review of the plea transcript reveals that the plea judge thoroughly advised Petitioner of his charges, the potential sentence, and his rights to a trial. (Tr. 187-197). Petitioner informed the court that he understood the charges and the potential sentence. Id. During the plea colloquy, Petitioner stated that there had been no recommendation by the State that would cause him to expect leniency. (Tr. 195). He testified that he had not been forced in any way, coerced, or threatened with anything to get him to enter the plea. (Tr.189). Petitioner stated that he was doing it freely and voluntarily, he understood he had a right to a jury trial, he was completely satisfied with his attorney without complaint, and that he was guilty. (Tr. 190-200).

A plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true. The defendant may not later argue that his plea was invalid except in extremely limited circumstances, Blackledge v. Allison, 431 U.S. 63 (1977) (explaining that in a very limited number of cases the court will

18

allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or misrepresentation by others," though the allegations must be concrete and specific). "The accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so." Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975).[5] When there has been a guilty plea, the applicant must prove that counsel's representation was below the standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370 (1985); Roscoe v. State, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2001).

The PCR court's rejection of Petitioner's argument that his plea was not entered knowingly and voluntarily was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

---

[5] See also Bemis v. United States, 30 F.3d 220, 222-23 (1st Cir.1994)(observing general rule that a defendant pursuing habeas relief is "ordinarily bound by his or her representations in court" vis-a-vis a plea); United States v. Butt, 731 F.2d 75, 80 (1st Cir.1984)(affirming denial of habeas motion without a hearing, concluding that the movant's allegations that his attorney had mislead him concerning the judge's acceptance of the plea were "unsupported by specific facts and contradicted by the record," the habeas motion being bare of "credible, valid reasons why a departure from [his] earlier contradictory statements is ... justified," citing Crawford v. United States, 519 F.2d 347, 350 (4 th Cir.1975)).

of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. The PCR court found that Petitioner failed to meet the first and second prongs of Strickland.  The PCR court found Petitioner's testimony that Counsel did not inform him that Judge Saunders had previously held him in contempt of court not credible while finding plea counsel's testimony that he disclosed all information to the Petitioner credible. The PCR court's factual determinations regarding credibility are entitled to deference in this action. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also  Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Accordingly, it is recommended that Respondent's motion for summary judgment be granted with regard to Grounds Four and Five.

**Effective Assistance of Counsel**

In Grounds Two, Six and Seven, Petitioner asserts claims of ineffective assistance of counsel. The applicable law with regard to effective assistance of counsel

is discussed below with the individual issues addressed subsequently on the merits.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). The Court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.  (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the Strickland analysis). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional  errors, the result of the proceeding would have been different.  A reasonable  probability  is  a  probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

**Ground Two**

22

In Ground Two, Petitioner argues that he was denied effective assistance of counsel because defense counsel did not object to the denial of allocution, thereby causing him prejudice. Respondent asserts that the state court's decision that counsel was not ineffective for ensuring that Petitioner exercised his right to allocution was not "contrary to" and did not involve an "unreasonable application of" clearly established United States Supreme Court precedent.

At the PCR hearing, Petitioner testified that he was never given the opportunity to address Judge Saunders or the victims at the time of his plea. Petitioner stated that counsel never indicated to the plea court that he wanted to address the court or the victims. Petitioner testified that he wanted to apologize to the victims during his guilty plea and had an apology written out, but he was not given the chance to read his statement and/or apology. (Tr. 118-119).

Plea counsel testified at the PCR hearing that Petitioner could have spoken during his plea if he wanted to and that he gave Petitioner the chance to speak.[6] Counsel testified that Petitioner had prepared a note to read but told counsel he did not want to speak. Counsel stated that Petitioner was shocked when the victims, who were his friends' families, were all angry at him and turned against him. (Tr. 146). Counsel

---

[6] Before sentencing, the plea judge asked "are there any remarks or comments before the Court pronounces sentence in these cases?" The plea judge further asked "Anything additional from the defense before sentences are pronounced." (Tr. 230, 231).

23

testified that he knew Petitioner had written out an apology to read, but, when he looked at Petitioner in regards to speaking, Petitioner shook his head "no." (Tr. 146-147). During the hearing on the motion for reconsideration, Counsel testified that it was his fault that Petitioner had not read his apology to the victims even though Petitioner had written one out. Id. Petitioner was allowed to read the apology to the court. (Tr. 262-263).

The PCR court held the following with regard to this issue:

> Applicant testified that he wanted to speak at his guilty plea to apologize to the victims and had an apology already written down, but Counsel would not allow him to speak on his own behalf. Applicant argued, through PCR Counsel, that his right to address the court and victims at sentencing was violated, when Counsel refused to let Applicant speak to and apologize to the victims directly. Counsel testified that the Applicant could have spoken at this plea if he wanted to, but Applicant was shocked when the victims, who he knew, were very angry at him and turned against Applicant. Counsel acknowledged that an apology was written down originally, but testified that he looked at the Applicant and Applicant shook his head "no."
>
> This Court notes that the transcript for the motion for reconsideration hearing indicates that Counsel read Applicant's statement into the record, which cured any possible failure to offer the apology at the initial sentencing. Furthermore, even assuming Counsel was deficient for failing to ensure the Applicant spoke at his plea and sentencing, the Applicant failed to demonstrate that the outcome of the sentencing proceedings would have been different had his apology been offered at the time of his initial sentencing; according, a likelihood of prejudice

has not been shown. Therefore, this claim is denied and dismissed.

(Tr. 8-9).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. The PCR court found that Petitioner failed to meet the first and second prongs of Strickland. The PCR court found plea counsel's testimony credible. Also, the PCR court concluded that plea counsel read the Petitioner's apology statement into the record at the hearing on the motion for reconsideration curing any possible failure to offer the apology at the initial sentencing. Additionally, the PCR court found that even assuming plea counsel was deficient for failing to make sure Petitioner spoke at the initial sentencing, Petitioner has failed to show prejudice by failing to demonstrate that the outcome of the sentencing proceeding would have been different had the apology been read at the time.

The PCR court's factual determinations regarding credibility are entitled to deference in this action. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility

judgments, the state court's error must be stark and clear)); see also  Marshall v.

Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. §

2254(d) gives federal habeas courts no license to redetermine credibility of witnesses

whose demeanor has been observed by the state trial court, but not by them").

Additionally, a presumption of correctness attaches to state court factual findings. 28

U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra.  Thus, it is

recommended that the Respondent's motion for summary judgment be granted as to

Ground Two.

**Ground Six**

In Ground Six, Petitioner argues ineffective assistance of counsel alleging

counsel "failed to aid in the petitioner's cooperation with the State, thereby

prejudicing the petitioner." (Petition). Respondent responds that the state court's

rejection of Petitioner's claim is "not contrary to" and did not involve an

"unreasonable application of" clearly established United States Supreme Court

precedent.

This issue was raised in the PCR application and addressed by the PCR court

as follows:

> This Court finds that the Applicant's claim that Counsel
> was ineffective for failing to assist in his attempted
> cooperation with the government lacks merit. First, this
> Court finds that the majority of the Applicant's cooperation

26

came prior to Counsel's involvement in the case when he gave voluntary statements and turned over the remaining stolen goods. Second, this Court finds that Counsel's testimony is more credible than Applicant's as to this issue and the record is clear that Counsel spent a great deal of effort in attempting to provide information on Applicant's behalf to the State in an attempt to recover some of the stolen goods. This Court believes that if Counsel was aware of an officer who was willing to testify on Applicant's behalf in court, he would have subpoenaed that officer and had him present to speak on Applicant's behalf. Therefore, this Court finds that the Applicant has failed to meet his burden of proof as to this claim and it is denied and dismissed.

(Tr. 5).

At the PCR hearing, Petitioner testified that on the day the police came to his house, he was told to cooperate by his mother and girlfriend, and the stolen goods were ultimately found in the house. (Tr. 109). Petitioner testified that an Officer Duncan told him that he would speak on his behalf at court if Petitioner cooperated. (Tr. 111).

Counsel testified at the PCR hearing that Petitioner never informed him that one of the officers had offered to speak on his behalf in court. (Tr. 142). If he had, counsel testified that he would have subpoenaed the officer. (Tr. 158). Counsel testified that he offered thirty-one letters of support from family and community members to the court and was told by the family that they had no way of making restitution to the

victims. (Id., 147-148).[7] Therefore, Counsel testified that he never offered restitution in the way of cooperating with the State. (Id.) Counsel testified that he did offer information on the pawn shop that bought many of the stolen pieces of jewelry and attempted to have the victims bring a civil suit against the  pawn shop, but they refused. Counsel testified that the homes Petitioner entered were his friends' houses which caused law enforcement to go "ballistic" resulting in them refusing to assist Petitioner. (Tr. 143).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra.  The PCR court found that Petitioner failed to meet the first and second prongs of Strickland,  The PCR court found Petitioner's testimony not credible while finding plea counsel's testimony credible. The PCR court's factual determinations regarding credibility are entitled to deference in this action. Cagle v.

---

[7] In the hearing on reconsideration, the mother testified that, if Petitioner is placed in a prison, he would not have the opportunity to repay the victims for the items that were not recovered, but, if he was not placed in prison, he could work to pay restitution if ordered. Specifically, she testified "you can tell 24-hours a day where he is, where he can work and pay, if it takes him twenty (20) years to pay these people restitution for the material things." (Tr. 266).

Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also  Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra.  The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Additionally, Petitioner did not submit Officer Duncan as a witness at the PCR hearing. Thus, it is recommended that the Respondent's motion for summary judgment be granted as to Ground Six.

**Ground Seven**

In Ground Seven, Petitioner asserts that he was denied effective assistance of counsel because defense counsel failed to "adequately explore plea negotiations, thereby prejudicing the Petitioner." Respondent asserts that the state court's rejection of the claims was not "contrary to" and did not involve an "unreasonable application of" clearly established United States Supreme Court precedent.

This issue was raised in the PCR application and addressed by the PCR court

29

as follows:

> This Court finds that the Applicant has failed to meet his
> burden of proof as to this claim. The Applicant himself
> testified that he did not discuss the fifteen year offer with
> Counsel and at the time Counsel was retained, the
> Applicant had already provided a voluntary statement
> which implicated him in all of the crimes. This Court finds
> Counsel's testimony credible that he tried all efforts to
> negotiate, but that the State was unwilling. This Court
> cannot find any deficient performance on behalf of Counsel
> as it relates to attempting plea negotiations. Therefore, this
> claim is denied and dismissed.

(Tr. 6).

At the PCR hearing, Petitioner testified that he was first represented by court

appointed counsel, Mr. James Cheek. Petitioner averred that Mr. Cheek and Mr.

Barnette, the attorney for the state, advised Petitioner that there was a plea offer for

a fifteen-year violent sentence. Petitioner stated during direct examination that Mr.

Sowell never discussed the fifteen year plea offer with him. (Tr. 108).  Upon cross

examination, Petitioner testified that during a recess at the time of the plea hearing,

counsel told him he could see Petitioner being sentenced from seven to ten years.

Further upon cross examination and in contradiction to his previous testimony,

Petitioner testified that before entering the plea, counsel told him that fifteen years

was "bogus" and too much time. However, he stated that counsel had not promised

him anything with relation to a sentence. (Tr. 124-125).Petitioner's mother testified

at the PCR hearing that she contacted and met with Counsel about taking over the representation of her son and that Counsel informed her that a fifteen-year sentence was unfair because Petitioner did not have a violent past.

Counsel testified that he was not involved in the discussions with the State about a fifteen year plea offer as he was not the attorney at the time. (Tr. 129). Counsel stated that he remembered "Mr. Johnson had told me he received a plea offer." (Id., lines 24-25). Counsel averred that he was specifically retained by Petitioner's mother to handle a guilty plea for Petitioner. (Tr. 130, 154). Counsel testified that he attempted to negotiate a plea, but he was given the option to plead straight up or choose not to plead at all. (Tr. 155). Counsel testified that near the end of plea negotiations, they were given the option to plead before Judge Hayes or Judge Saunders. Counsel asserts once the State gave the option to choose which judge to plead before, Counsel went and met with Petitioner explaining his situation and relationship with Judge Saunders. (Tr. 138). Counsel stated that he left it up to Petitioner who was concerned about going before Judge Hayes due to hearing horror stories about his reputation as to how strict Judge Hayes had been on sentencing. Id. Counsel informed Petitioner that Judge Hayes was a fair judge but somewhat strict. Id. When Petitioner asked counsel which Judge he would choose to plead before, Counsel told him Judge Saunders. Id.

31

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. The PCR court found that Petitioner failed to meet the first and second prongs of Strickland, The PCR court found Petitioner's testimony not credible while finding plea counsel's testimony credible. The PCR court's factual determinations regarding credibility are entitled to deference in this action. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. Thus, it is recommended that the Respondent's motion for summary judgment be granted as to Ground Seven.

32

## CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #17) be granted and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 5, 2016
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.