**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Michael Shane Johnson, #315435, ) | |
| ) | Civil Action No.: 4:14-cv-03806-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Robert Stevenson, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Michael Johnson ("Petitioner") filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging various constitutional violations and ineffective assistance of counsel. (ECF No. 1). Petitioner is currently incarcerated at the Broad River Correctional Institution within the South Carolina Department of Corrections ("SCDC"). This matter is before the court on Respondent's Motion for Summary Judgment (ECF No. 17).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Thomas Rogers, III, for pre-trial handling. On January 5, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion for Summary Judgment and deny the Petition. (ECF No. 27). This review considers Petitioner's Objection to the Report and Recommendation ("Objections"), filed January 21, 2016. (ECF No. 28).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 27). The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

1

In November 2007 and February 2008, the Spartanburg County Grand Jury issued indictments charging Petitioner with three counts of burglary in the first degree; three counts of grand larceny more than $5000; burglary in the second degree, non-violent; grand larceny, $1000-$5000; and receiving stolen goods, less than $1000-3rd or subsequent property offense. (ECF No. 27 at 2). On February 27, 2008, Petitioner entered a guilty plea as to all charges before the Honorable Wyatt T. Saunders. (*Id.*). Judge Saunders sentenced Petitioner to a total of thirty five years imprisonment. (*Id.*) Petitioner's plea counsel filed a motion for reconsideration of the sentence, and following a hearing on April 16, 2008, Judge Saunders modified the sentence, which resulted in a sentence reduction to thirty years imprisonment. (*Id.* at 3). Petitioner, through appellate counsel, filed a direct appeal of his conviction and sentence in the South Carolina Court of Appeals raising only one issue: whether the trial judge abused his discretion allowing excessive consideration of the victims' objections to sentencing leniency to influence the sentence given to Petitioner. (*Id.*) On February 11, 2010, the Court of Appeals filed an opinion dismissing the appeal.

Subsequently, on February 2, 2011, Petitioner, through counsel, filed an Application for Post-Conviction Relief ("PCR"), which was dismissed on May 2, 2012, following an evidentiary hearing. (*Id.* at 5). Petitioner filed a motion to alter or amend the order of dismissal. (*Id.*). The motion to alter or amend was denied on June 5, 2012. Petitioner, through counsel, timely filed a petition for writ of certiorari raising four issues: (1) whether Petitioner was denied the constitutional right of allocution at sentencing; (2) whether Petitioner voluntarily, knowingly, and intelligently waived a conflict of interest between his attorney and sentencing judge; (3) whether counsel was ineffective for failing to aid in Petitioner's cooperation with the state; and (4) whether

2

counsel was ineffective for failing to adequately explore plea negotiations. (*Id.* at 5-6). On July 3, 2014, the South Carolina Court of Appeals denied the petition.

Petitioner filed the instant habeas Petition on September 29, 2014, alleging seven grounds for relief: (1) denial of constitutional right of allocution at sentencing; (2) ineffective assistance of counsel for failing to object to denial of allocution at sentencing; (3) Petitioner did not knowingly waive his constitutional right of allocution; (4) denial of due process of law pursuant to the Fourteenth Amendment because the plea and sentencing judge was not impartial; (5) Petitioner did not knowingly and voluntarily waive his right to have an impartial plea and sentencing judge; (6) ineffective assistance of counsel for failure to aid in Petitioner's cooperation with the state; and (7) ineffective assistance of counsel for failing to adequately explore plea negotiations. (ECF No. 1 at 6-11, ECF No. 1-1). On March 2, 2015, Respondent filed a Motion for Summary Judgment along with a Return and Memorandum of Law in Support of Motion for Summary Judgment. (ECF Nos. 16, 17). Petitioner filed a response in opposition on April 20, 2015. (ECF No. 23).

On January 5, 2016, the Magistrate Judge issued the Report recommending the court grant Respondent's Motion and dismiss the Petition. (ECF No. 27.) Petitioner timely filed his Objections on January 21, 2016. (ECF No. 28).

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or

3

modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions.  *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections.  Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

Petitioner filed extensive Objections to the Magistrate Judge's Report.  Essentially, Petitioner filed specific Objections to all of the findings and conclusions of the Magistrate Judge.  As a result, this court has determined that it is necessary to conduct a *de novo* review of all claims raised in the habeas petition.

**GROUNDS ONE AND THREE**

Petitioner objects to the Magistrate Judge's recommendation as to Grounds One and Three because the Magistrate Judge did not fully address the claims on the merits.  In Ground One, Petitioner asserts that he was denied his Constitutional right of allocution at sentencing.  In Ground Three, Petitioner asserts that he did not knowingly, intelligently, and voluntarily waive his

4

Constitutional right of allocution. Because Grounds One and Three are both constitutional claims regarding the right to allocution at sentencing, this court will address them together.

The Magistrate Judge analyzed both grounds pursuant to an ineffective assistance of counsel standard because the PCR court addressed only the ineffective assistance of counsel claim, and did not address Petitioner's claim that the denial of the right to allocution at sentencing is a violation of a constitutional right. Petitioner asserts that the Magistrate Judge should not have granted any deference to the state court decision as to Grounds One and Three, and should have reviewed the claims *de novo*. On this point, Petitioner is correct.

Pursuant to 28 U.S.C. § 2254(d), courts cannot grant an application for writ of habeas corpus with "respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Section 2254(d) is applied only to claims "adjudicated on the merits" because "comity, finality, and federalism counsel deference to the judgments of state courts when they are made on a complete record." *Winston v. Kelly*, 592 F.3d 535, 555 (4th Cir. 2010). However, where a state court has declined to opine of the merits of a claim properly before the court, the claim is deemed exhausted, and deference to the state court's judgment in that instance is inappropriate. *Id.* at 556. Accordingly, under such circumstances, a district court reviewing a habeas application should review the claim *de novo*. Here, the PCR court did not address the claims made in Grounds One and Three on the merits though the claims were properly presented during the PCR evidentiary hearing. (ECF No. 16-1 at 164-71). Petitioner filed a motion to reconsider addressing these claims,

(ECF No. 16-1 at 18), and the state court declined to address the claims on the merits, (ECF No. 16-1 at 15). These claims were properly presented to the Supreme Court of South Carolina in a petition for a writ of certiorari, which was denied, and as such, the claims were exhausted. The state court failed to address the claims made in Grounds One and Three on the merits. Accordingly, the court's decision, or lack thereof, regarding said claims is not entitled to any deference.

Petitioner asserts that defendants have a constitutional right to allocution at sentencing, which he was denied. Though the right to allocution is a "traditional right" granted to a defendant at a sentencing hearing, *see Groppi v. Leslie*, 404 U.S. 496, 501 (1972), the Supreme Court of the United States has not determined that the right to allocution is a constitutional right, *see United States v. Barnette*, 211 F.3d 803, 820 (4th Cir. 2000). The Supreme Court has noted, however, that "the failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. It is an error which is neither jurisdictional nor constitutional." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also Ashe v. North Carolina*, 586 F.2d 334, 336 ("Notwithstanding Rule 32(a), a defendant has no constitutional right to be asked if he wishes to address the court before sentencing."). Further, even though Federal Rule of Criminal Procedure 32(a) requires district courts to ask a defendant whether he would like to address the court prior to imposing a sentence, the failure of a district court to permit allocution does not always entitle a defendant to collateral relief. *Peguero v. United States*, 526 U.S. 23, 27 (1999). Generally, even where Fed. R. Crim. P. 32(a) is violated during a sentencing hearing, a defendant must show that he was prejudiced by the violation in order to be granted collateral relief. *Id.* In South Carolina, however, there is no procedural rule requiring courts to ask a defendant

whether he would like to address the court. In fact, the Supreme Court of South Carolina has held that the failure to permit allocution "is not fatal to affirmance of sentence for any offense less than capital." *State v. Phillips*, 54 S.E.2d 901, 903 (S.C. 1949). As such, unless Petitioner specifically asked the sentencing judge for an opportunity to speak and was denied that opportunity, he is not entitled to relief. *See Ashe*, 586 F.2d at 336 (noting that it is a denial of due process to deny a defendant the opportunity to speak once he has effectively communicated that desire to the trial judge prior to the imposition of the sentence).

Neither the Supreme Court of the United States nor the Supreme Court of South Carolina has held that a defendant is guaranteed a constitutional right of allocution at sentencing. Because Petitioner was sentenced in a state court, Fed. R. Crim. P. 32(a) does not govern the sentencing judge's conduct. Thus, unless the sentencing judge denied Petitioner the right of allocution after he made a specific request to speak at his sentencing hearing, Petitioner was not denied due process. After a review of the record, this court does not find that Petitioner requested to speak during his sentencing hearing. Accordingly, Petitioner has failed to demonstrate that his constitutional rights were violated when he did not have an opportunity to speak during his initial sentencing hearing. Therefore, Respondent is entitled to summary judgment as to Grounds One and Three.

**GROUND TWO**

Petitioner objects to the Magistrate Judge's conclusions as to Ground Two. In Ground Two, Petitioner asserts that his counsel was ineffective for failing to object to the denial of allocution at sentencing. The Magistrate Judge found that the PCR Court did not unreasonably apply federal law when it determined that Petitioner could not demonstrate the outcome of his sentencing proceeding would have been different if he had been allowed to speak. As a threshold

matter, this court does not find any error in the Magistrate Judge's analysis of Ground Two but for the fact that the Magistrate Judge endeavored to address the claim on the merits at all. Based on this court's review of the record, Ground Two is procedurally barred.

Prior to seeking habeas corpus relief, a petitioner is required to exhaust his state court remedies by presenting his claims to the state's highest court. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). "In determining whether a claim has been exhausted, a federal court sitting in habeas must consider not merely whether the claim has been placed before the highest state court, but also whether the state court has been given a fair opportunity to review the claim." *Baker v. Corcoran*, 220 F.3d 276, 290-91 (4th Cir. 2000). In order to give a state court a fair opportunity to review any claims, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In South Carolina, a ruling by a PCR court is a final judgment. S.C. Code Ann. § 17-27-80 (2014). However, a petitioner has the option to file a petition for writ of certiorari in order to have that final judgment reviewed by the Supreme Court of South Carolina. S.C. Code Ann. § 17-27-100 (2014). Following a ruling by a PCR court, any claims a petitioner raises in an appeal to the Court of Appeals or Supreme Court of South Carolina will be deemed exhausted for the purpose of federal habeas review. *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). Although the PCR court addressed the ineffective assistance of counsel claim in its dismissal order, Petitioner did not include the claim made in Ground Two in his petition for writ of certiorari appealing the PCR court's findings. As a result, Petitioner did not exhaust the claim made in Ground Two, so it is not properly before this court. Accordingly, this court declines to address

8

Ground Two on the merits, and concludes that Respondent is entitled to summary judgment as to this ground.

**GROUNDS FOUR AND FIVE**

In Ground Four, Petitioner asserts that he was denied due process of law because his plea and sentencing judge was not impartial. In Ground Five, Petitioner asserts that he did not knowingly, intelligently, and voluntarily waive his constitutional right to have an impartial plea and sentencing judge. Because Grounds Four and Five concern the constitutional right to have an impartial judge, this court will address them together.

As a threshold matter, Petitioner objects to the Magistrate Judge's decision to address Grounds Four and Five together because Petitioner believes that Ground Five should be addressed as a conflict of interest claim under the Sixth Amendment. This court finds that Petitioner's conception of this claim is based on a misunderstanding of what constitutes a conflict of interest. A conflict of interest exists where an attorney has placed himself in a situation where his loyalties might be inherently divided. *Duncan v. State*, 315 S.E.2d 809, 811 (S.C. 1984). Thus, a conflict exists where "a defense attorney owes duties to a party whose interests are adverse to those of the defendant." *Id.* Here, Petitioner asserts that a conflict of interest existed between Petitioner's plea counsel and the sentencing judge because the sentencing judge previously held plea counsel in contempt, which became the subject of four years of litigation. There is no assertion that as a result of the contempt proceedings, Petitioner's plea counsel somehow owed the sentencing judge a duty that was adverse to Petitioner's. It appears to this court that the crux of the issue is whether the previous interactions between Petitioner's plea counsel and the sentencing judge caused the sentencing judge to harbor bias towards plea counsel such that he could not be impartial, and as a result, Petitioner was entitled to a different sentencing judge. Accordingly, this court is not

9

persuaded by Petitioner's conception of Ground Five as a conflict of interest claim, and finds that the Magistrate Judge did not err in addressing Grounds Four and Five together.

Receiving a "fair trial in a fair tribunal is a basic requirement of due process." *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 876 (2009) (internal quotations and citations omitted). However, not all claims of judicial impartiality or bias rise to a constitutional level. *Id.* "In order to prevail in a deprivation of due process claim, a defendant must show a level of bias that made 'fair judgment impossible.'" *Rowsey v. Lee*, 327 F.3d 335, 341 (4th Cir. 2003) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Petitioner asserts that the Supreme Court of the United States requires that a judge recuse himself where he has been involved in controversy with a litigant. This court finds that Petitioner's assertion is a mischaracterization of Supreme Court precedent. *See Mayberry v. Pennsylvania*, 400 U.S. 455, 465-66 (1971) (holding that a trial judge should not have continued to preside over a criminal trial after holding the pro se litigant in contempt for disruptive behavior and insulting remarks towards the trial judge); *but see Ungar v. Sarafite*, 376 U.S. 575 (1964) (holding that although a lawyer's challenge to the judge was disruptive, the insult did not carry such a potential for bias as to require disqualification). The Supreme Court has indicated that in determining whether a judge should recuse himself, a court must consider the specific circumstances in each case. *Caperton*, 556 U.S. at 881. The inquiry is an objective inquiry that requires a court to determine whether the "average judge in his position is 'likely' to be neutral, or whether there is an unconstitutional 'potential for bias.'" *Id.*

Here, the record does not reveal an unconstitutional "potential for bias" in the sentencing judge's decision to preside over Petitioner's guilty plea and sentencing hearing. In fact, the evidence presented at the PCR hearing indicates that the relationship between Petitioner's plea

counsel and the sentencing judge was not contentious despite the fact that the judge previously held counsel in contempt. Petitioner's plea counsel testified that the sentencing judge made the decision to hold him in contempt because the judge did not believe that he had the discretion to hold otherwise. (ECF No. 16-1 at 142). Furthermore, Petitioner's plea counsel testified that the sentencing judge encouraged him to appeal the decision to hold him in contempt. (*Id.*) Petitioner's counsel also testified that after the Supreme Court of South Carolina reversed the sentencing judge's decision holding him in contempt, the sentencing judge invited plea counsel to lunch and informed him that their disagreement would not prevent the sentencing judge from being fair towards him. (*Id.* at 144). Accordingly, this court cannot find any evidence in the record to indicate that the judge held a level of bias towards Petitioner or plea counsel that required recusal or made fair judgment impossible. The court is even further persuaded against a finding of bias given that after sentencing, Petitioner's plea counsel filed a motion to reconsider, which was granted in part, resulting in Petitioner receiving a five-year sentence reduction. (ECF No. 27 at 3). Thus, in the absence of a finding of bias, Petitioner has failed to demonstrate that his constitutional right to a fair trial in a fair tribunal was violated. Furthermore, because this court finds that there was no evidence of bias, there was no "conflict" in existence requiring the knowing, intelligent, or voluntary waiver of Petitioner. Therefore, Respondent is entitled to summary judgment as to Grounds Four and Five.

**GROUND SIX**

First, Petitioner objects to the Magistrate Judge's Report as to Ground Six because the focus of the analysis is "misplaced". (ECF No. 28 at 23). In Ground Six, Petitioner asserts that his trial counsel was ineffective for failing to aid Petitioner in cooperating with the state prior to the entry of the plea. Specifically, Petitioner asserts that he was promised by the state that if he assisted

11

law enforcement with their investigation, the investigating officer would speak at his sentencing hearing. (ECF No. 28 at 23). Petitioner asserts that he relied on this promise to his detriment, and that his plea counsel should have enforced the agreement under a detrimental reliance exception. (*Id.*) Petitioner asserts that pursuant to *Custodio v. State*, 644 S.E.2d 36 (S.C. 2007), his trial counsel rendered ineffective assistance of counsel. (*Id.*)

In *Custodio*, the Supreme Court of South Carolina held that a petitioner's plea counsel was ineffective for failing to seek specific performance of an oral plea agreement. *Custodio*, 644 S.E.2d at 40. In that case, the state promised the petitioner that if he cooperated with law enforcement, he would receive a fifteen year cap on his sentence. *Id.* at 38. In *Custodio*, counsel was aware of the oral agreement, but did not believe she had the authority to enforce it. *Id.* Unlike in *Custodio*, plea counsel was not aware of the representations made by law enforcement. (ECF No. 16-1 at 145). Furthermore, unlike in *Custodio*, the initial promise that Petitioner relied on was not made directly to him from someone authorized to enforce the promise. Petitioner testified that he decided to cooperate with law enforcement because his mother told him that she was told by his co-defendant that if he cooperated with the police, the police would "help [him] out a little bit." (*Id.* at 112). Petitioner testified that an Officer Duncan told him that in exchange for his cooperation, he would speak on his behalf at sentencing. (*Id.* at 114-15). Specifically, Petitioner testified that "officer Duncan told me that he would stand up in court and –and say how much that I helped because—I mean—really I made the case, you know." (*Id.*) These representations were made prior to plea counsel's entry of appearance in the case.

Based on this court's review, unlike the petitioner in *Custodio*, Petitioner cannot demonstrate detrimental reliance. Here, Petitioner cooperated with law enforcement based on second-hand information he received from his mother through his co-defendant. The only

12

evidence of a promise made directly to Petitioner seems to have occurred after Petitioner had already cooperated and helped law enforcement make its case. Furthermore, unlike counsel in *Custodio*, Petitioner's plea counsel was not made aware of these representations by law enforcement. Accordingly, *Custodio* is inapplicable here.

Second, Petitioner objects to the Magistrate Judge's determination that the PCR court found that Petitioner failed to meet the second prong of *Strickland*. Petitioner asserts that because the PCR court found that counsel did not demonstrate deficient performance, it did not reach the prejudice prong, and as such, the Magistrate Judge was required to review the prejudice analysis *de novo*. (ECF No. 28 at 23-24). The PCR court found that Petitioner failed to meet the *Strickland* standard as to both prongs. (ECF No. 16-1 at 13). At any rate, even if the PCR court had only determined that Petitioner failed to carry his burden as to the first prong of *Strickland*, the Magistrate Judge would not have been required to review the prejudice prong *de novo*.

To prove ineffective assistance of counsel, a petitioner must show that trial counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *Id.* at 687. This test applies not only to an attorney's performance at trial, but also to a claim that counsel was ineffective during the entry of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To demonstrate deficient performance, a petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Competency is measured by what an objectively reasonable attorney would have done under the circumstances existing at the time of the representation. *Id.* at 687-88. Courts are not required to address both components of the

ineffective assistance inquiry if a petitioner has made an insufficient showing as to one of the components. *Id.* at 697. The Magistrate Judge found that the PCR court correctly applied the law to determine that Petitioner could not carry his burden under *Strickland*. This court agrees.

Accordingly, this court incorporates the Magistrate Judge's review of the record and analysis as to Ground Six herein without a recitation. (ECF No. 27 at 26-29). Therefore, this court finds that the Magistrate Judge properly concluded that Respondent is entitled to summary judgment as to Ground Six.

**GROUND SEVEN**

In Ground Seven, Petitioner asserts that trial counsel was ineffective for failing to adequately explore plea negotiations. Petitioner objects to the Magistrate Judge's Report as to Ground Seven because the Magistrate Judge failed to consider the supporting facts. (ECF No. 28 at 24). Specifically, Petitioner asserts that the Magistrate Judge should have considered the fact that Petitioner's co-defendant received a plea deal whereby she received fifteen years imprisonment, suspended upon the service of eighteen months of imprisonment, followed by five years of probation. Petitioner contends that the sentencing disparity alone supports his contention that his counsel was ineffective in negotiating a plea.

As a threshold matter, the factual scenario surrounding the disparate sentences between Petitioner and his co-defendant fails to support Petitioner's contention that his counsel was ineffective for failing to negotiate a better plea. The record indicates that Petitioner was not willing to testify against his co-defendant. (ECF No. 16-1 at 154). The record also indicates that Petitioner's co-defendant gave a voluntary statement to police indicating that she never entered any of the homes that were burglarized, instead she waited outside in the car and then transported Petitioner and the stolen goods away from the scene. (*Id.* at 154-56). Although Petitioner testified

14

at his PCR hearing that his co-defendant did assist in burglarizing the homes, in all of his voluntary statements to the police, he indicated that she stayed in the car and he picked out which homes to burglarize. (*Id.* at 156-57). Accordingly, the record indicates that Petitioner voluntarily accepted the weight of responsibility for the burglaries. Petitioner does not allege that the sentence he received was illegal or outside of South Carolina's statutory limits for the convicted crimes. As discussed above, Petitioner has also failed to demonstrate that the sentence he received was the result of the sentencing judge's bias against him. Accordingly, this court finds that the sentencing court acted within its discretion to impose a harsher sentence on Petitioner than his co-defendant received. *See Brooks v. State*, 481 S.E.2d 712, 713 (S.C. 1997) (noting that the circuit court has broad discretion to sentence within the statutory limits, and that if a sentence is within the statutory limits, it is not excessive absent support for allegations of prejudice against the defendant).

At any rate, Petitioner has not alleged the existence of an alternate, more favorable offer that his plea counsel failed to convey as is required by *Missouri v. Frye*, 132 S. Ct. 1399 (2012). Although testimony at the PCR hearing reveals that a plea deal for a fifteen year sentence was offered to Petitioner, the deal was offered by the state to appointed counsel prior to plea counsel's entry of appearance. Petitioner was made aware of that deal, but indicated that he did not want to take the fifteen year deal because he wanted less time. (ECF No. 16-1 at 120). Furthermore, plea counsel testified that once he was hired, he attempted to negotiate with the state, but the state was unwilling to negotiate with him. (ECF No. 16-1 at 158). Based on a review of the record, this court finds that plea counsel explored plea negotiations, but they were denied. Thus, Petitioner cannot demonstrate that his counsel's performance was deficient. Therefore, this court finds that the Magistrate Judge properly concluded that Respondent is entitled to summary judgment as to Ground Seven.

## III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 27). It is therefore ordered that Respondent's Motion for Summary Judgment (ECF No. 17) is **GRANTED**, and this Petition (ECF No. 1) is **DISMISSED** with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 23, 2016
Columbia, South Carolina